UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:08cv532-RJC-DSC

OLYMPUS MANAGED )
HEALTH CARE, INC. and )
OLYMPUS HEALTHCARE )
SOLUTIONS, INC., )
 )
    Plaintiffs, )
 )
v. ) ORDER
 )
AMERICAN HOUSECALL )
PHYSICIANS, INC., and )
JONATHAN MCGUIRE, )
 )
    Defendants. )
_____)
 )
AMERICAN HOUSECALL PHYSICIANS, )
INC., f/k/a INROOMMD, INC., )
 )
    Third-Party Plaintiff, and )
    Counterclaimant )
 )
v. )
 )
RONALD A. DAVIS and )
STEVEN W. JACOBSON, )
 )
    Third-Party Defendants. )
_____)

**THIS MATTER** is before the Court on Third-Party Defendants' Motion to Dismiss (Doc. No. 22), Third-Party Defendants' Memorandum in Support of Motion to Dismiss (Doc. No. 23), and Third-Party Plaintiff's Memorandum in Opposition to Third-Party Defendants' Motion to Dismiss (Doc. No. 31). The Magistrate Judge entered a Memorandum and Recommendation ("M&R") (Doc. No. 36), recommending that the Third-Party Defendants' Motion to Dismiss be granted in part, that is, granted as to Count II against Third-Party Defendant Steven W. Jacobson and denied in all other respects. Third-Party Defendants filed an objection to the M&R (Doc. No. 37), and Third-Party

1

Plaintiff filed a Response (Doc. No. 38). The issue of whether the Magistrate Judge properly ruled that the Third-Party Defendant's Motion to Dismiss should be denied as to Count IX is now before this Court. For the reasons that follow, this Court affirms the Magistrate Judge's M&R.

## I. BACKGROUND

Third-Party Plaintiff American Housecall Physicians, Inc. ("AHP") asserts multiple claims, including state law civil conspiracy, against Third-Party Defendants Ronald A. Davis and Steven W. Jacobson. The parties made no specific objections to the findings of fact contained in the Magistrate Judge's M&R. After a careful review of the record in this case, the Court adopts the factual findings made by the Magistrate Judge on pages two through five of the M&R filed on April 14, 2009, for purposes of this Order.

## II. STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983); Keeler v. Pea, 782 F. Supp. 42, 43 (D.S.C. 1992). De novo review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct the court to the specific error in the magistrate judge's recommendations. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M&R.

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009) (quoting Bell Atlantic, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

## III. DISCUSSION

Davis and Jacobson object to the Magistrate Judge's finding that AHP properly set forth a claim for civil conspiracy. The Magistrate Judge recommended that an exception to the intra-corporate conspiracy doctrine[1] applied to the facts of this case. Davis and Jacobson argue that this exception, involving a defendant's "independent personal stake" in a conspiracy, does not apply because (1) AHP's counterclaims do not state that Davis and Jacobson had an independent personal stake in the alleged conspiracy, (2) the alleged independent personal stake is not "independent" from Davis and Jacobson's relationship to Olympus, the corporation with which AHP alleges they conspired, and (3) AHP's allegations regarding Davis's and Jacobson's independent personal stakes are inconsistent with the terms of AHP's counterclaims.

---

[1] This doctrine is also often referred to as the "intra-corporate immunity doctrine."

### A. Whether AHP's Counterclaims State an Independent Personal Stake

Davis and Jacobson argue that AHP has not alleged in its counterclaims that Davis and Jacobson had an independent personal stake in achieving Olympus's purported illegal objective. They point to the fact that in the section of the Third-Party Complaint alleging civil conspiracy, AHP does not explicitly mention that Davis or Jacobson had an independent personal stake, while it does mention that Olympus would accrue the benefit.

"[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); see also Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

The Court notes that AHP's civil conspiracy claim incorporates by reference all earlier allegations in the pleading. Included among these earlier allegations is the allegation that Jacobson "breached his fiduciary duties, and other duties, to AHP by, among other things . . . usurping business opportunities of AHP for the benefit of himself and Olympus." (Doc. No. 5-1 at ¶ 71). Thus AHP does explicitly contemplate on the face of its pleading that at least Jacobson stood to derive personal gain. Further, AHP argues that the exhibits to the counterclaim provide the supplemental facts to complete the picture of the Third-Party Defendants' alleged civil conspiracy. AHP attached to its pleading the Letter of Intent outlining the deal between Olympus and AHP. (Doc. No. 5-4 at 24, Exhibit H). This document is a part of the pleading for all purposes. See Fed. R. Civ. P. 10(c). From this document and the allegations in the pleadings as a whole, it is certainly

4

plausible that Davis and Jacobson stood to gain separately and independently when they allegedly backed out of the merger and retained a larger ownership interest in Olympus. AHP has provided the factual content that allows the court to draw this reasonable inference. See Iqbal, 129 S. Ct. at 1929 ( "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

### B. Whether the Alleged Stake is "Independent" from the Relationship with Olympus

Davis and Jacobson argue that AHP has not alleged the benefits of the purported conspiracy are independent to Davis and Jacobson. AHP counters that by refusing to go forward with the merger, Davis and Jacobson gained a benefit that Olympus did not, namely an avoidance of the diminution of their shareholder interests in Olympus.

The intra-corporate conspiracy doctrine can be traced back to Nelson Radio & Supply Co. v. Motorola, Inc., 200 F.2d 911 (5th Cir.1952), cert. denied, 345 U.S. 925 (1953), an anti-trust action based on an alleged conspiracy between a corporation and its officers, employees and agents. The Fifth Circuit held:

> It is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy. A corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation.

Id. at 914. The Fourth Circuit first recognized this doctrine in the field of anti-trust in Greenville Publ'g Co. v. Daily Reflector, Inc., 496 F.2d 391, 399 (4th Cir. 1974), but noted "an exception may be justified when the officer has an independent personal stake in achieving the corporation's illegal objective." Id. "In recent years, this 'personal stake exception' has been limited, such that it applies only where a co-conspirator possesses a personal stake independent of his relationship to the corporation." ePlus Technology, Inc. v. Aboud, 313 F.3d 166, 179 (4th Cir. 2002). However, where

5

an individual defendant has a large degree of control over the corporate principal's decisionmaking process, the exception is more likely to apply than where an agent has little control over the principal. Compare Greenville, 496 F.2d at 399-400 (holding exception applied where individual was defendant company's president, director, and shareholder); with Oksanen v. Page Memorial Hosp., 945 F.2d 696, 705-06 (4th Cir. 1991) (noting the exception did not apply where the agents lacked decisionmaking authority within the entity).

Davis and Jacobson argue that the Magistrate Judge erred by applying the exception based on their financial interest in Olympus. However, this argument mischaracterizes the personal interest that Davis and Jacobson had in not allowing their personal holdings in Olympus to be diluted. Where a corporate officer's gain is reliant upon the gain of the corporation, then the officers have no independent personal stake. See, e.g., Godfredson v. JBC Legal Group, P.C., 387 F. Supp. 2d 542, 550 (E.D.N.C. 2005) (holding no independent personal stake where allegations focused on the potential revenues that a firm's sole shareholder would receive from the firm). Here, however, Davis's and Jacobson's degree of interest in Olympus as its sole shareholders is distinct from any gain that Olympus may have received from failing to complete the merger. See Akande v. TransAmerica Airlines, Inc., No. Civ.A. 1039-N, 2006 WL 587846, at *6 (Del. Ch. Feb. 28, 2006) (noting that intra-corporate conspiracy doctrine is inapplicable "when the officer or agent of the corporation steps out of her corporate role and acts pursuant to personal motives"). Had the merger gone through, Davis's and Jacobson's share would have been significantly diluted. On the other hand, Olympus as an entity would not have gained or lost from an increase or decrease in shareholders. Thus failing to complete the merger allowed Davis and Jacobson, Olympus's sole

decisionmakers, an independent gain that Olympus did not receive: avoidance of a decrease in their piece of the ownership pie.

Therefore, the Court holds that Davis and Jacobson each had an independent personal stake in failing to complete the merger that is distinct from any gain that Olympus might have realized, and the independent personal stake exception applies to the civil conspiracy claim.

### C. Whether AHP's Allegations are Precluded by Inconsistencies in Its Pleading

Davis and Jacobson argue that finding an independent personal stake is inconsistent with AHP's counterclaims, since AHP alleges that (1) Davis and Jacobson never intended to complete the merger, and (2) the purpose of the conspiracy was to raid AHP's assets rather than effect a merger. This argument falls short of the mark. AHP need not set forth claims that are consistent with one another. Rather, it "may state as many separate claims or defenses as it has, regardless of consistency." Fed R. Civ. P. 8(d)(3). AHP's civil conspiracy counterclaim is not precluded by the alleged inconsistencies in its other counterclaims.

### D. Recommendations without objections

Third-Party Defendants only objected to the Magistrate Judge's Recommendation as to Count IX, the civil conspiracy counterclaim. As to all other issues raised in Third-Party Defendants' Motion to Dismiss, this Court reviewed the M&R for clear error and adopts the Magistrate Judge's Recommendations regarding these claims.

## V. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Third-Party Defendants' Motion to Dismiss (Doc. No. 22) is **GRANTED IN PART** and **DENIED IN PART**, that is:

1. **GRANTED** as to **Count II** against Third-Party Defendant Steven W. Jacobson,

2. **DENIED** as to **Count IX**, and

3. **DENIED** as to all other counts and arguments raised.

Signed: September 30, 2009

Robert J. Conrad, Jr.
Chief United States District Judge