IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV532-RJC-DSC

| | |
|---|---|
| OLYMPUS MANAGED HEALTH CARE, INC. and OLYMPUS HEALTHCARE SOLUTIONS, INC., </br></br>    Plaintiffs, </br></br>v. </br></br>AMERICAN HOUSECALL PHYSICIANS, INC., and JONATHAN MCGUIRE, </br></br>    Defendants. </br></br>and </br></br>AMERICAN HOUSECALL PHYSICIANS, INC., f/k/a INROOMMD, INC., </br></br>    Third-Party Plaintiff, and Counterclaimant </br></br>v. </br></br>RONALD A. DAVIS and STEVEN W. JACOBSON, </br></br>    Third-Party Defendants | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the on the Defendant American Housecall Physicians, Inc.'s "Motion to Compel Answers to Discovery [including brief]" (document #45) filed July 23, 2010, and "Plaintiffs' Response ..." (document #48) filed August 9, 2010.

This Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C.

§636(b)(1), and is now ripe for the Court's consideration.

Relevant to the subject Motion to Compel, Plaintiffs Olympus Managed Health Care, Inc. and Olympus Healthcare Solutions, Inc. ("Olympus") seek damages from Defendants for breach of contract and multiple state law tort claims. On March 18, 2010, the Honorable Robert J. Conrad, Jr. entered a Pretrial Order and Case Management Plan which requires the completion of fact discovery by September 1, 2010 and expert discovery by December 30, 2010.

On April 13, 2010, Defendant American Housecall Physicians served Olympus with its First Set of Interrogatories and First Request for Production of Documents. At no time prior to the filing of Defendant's Motion did Olympus respond in any fashion to these discovery requests, despite the parties agreeing to one thirty-day extension of each party's deadline to respond to discovery. Thereafter defense counsel made numerous requests for the overdue responses.

On July 23, 2010, Defendant filed the subject Motion to Compel, seeking an order compelling Plaintiffs to provide the long overdue responses and to pay monetary sanctions.

In its present response, Olympus states that on August 6, 2010 it served responses to Defendant's discovery requests and that Defendant "has been or will be given all the discovery information that they requested and are entitled to receive." Document #48 at 2.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441

U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, or oppress the opposing party. See Fed. R. Civ. P. 26(c)

Whether to grant or deny a motion to compel discovery is generally left within the District Court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving discovery issues); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

The Fourth Circuit has emphasized the significance of establishing a history of dilatory action and warning to the offending party of what may follow prior to imposing discovery sanctions or dismissing the action for failure to comply with discovery obligations. See, e.g., Hathcock v. Navistar Int'l Transp. Corp., 55 F.3d 36, 40 (4th Cir. 1995); Choice Hotels Int'l v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir. 1993); and Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987).

Applying these legal principles to this case, and recognizing that Plaintiffs have not been warned previously of the likely consequences of their failure to perform their responsibilities as litigants, the undersigned will grant the Defendant's Motion to Compel, but will withhold recommending imposition of discovery sanctions pending Plaintiffs' compliance with this Order.

Accordingly, the undersigned warns Plaintiffs and their counsel that any failure to respond to Defendant's First Set of Interrogatories and First Request for Production of Documents, to respond to any of Defendant's other reasonable discovery requests, or to otherwise comply fully with any of the Court's orders, the Local Rules, or the Rules of Civil Procedure may result in the

imposition of sanctions.  **Sanctions can include Plaintiffs and/or their counsel being required to pay Defendant's costs, including reasonable attorneys' fees, and may also include dismissal of the Complaint with prejudice**.

**NOW THEREFORE, IT IS ORDERED**:

1. Defendant American Housecall Physician, Inc.'s "Motion to Compel Answers to Discovery" (document #45) is **GRANTED IN PART** and **DENIED IN PART**, that is: <u>Plaintiffs are **ORDERED** to serve complete responses to Defendant's First Set of Interrogatories and First Request for Production of Documents on or before August 25, 2010</u>.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED**.

Signed: August 10, 2010

David S. Cayer
United States Magistrate Judge