# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

Civil Action Case No. 3:08-cv-00532-RJC-DSC

| | |
|---|---|
| OLYMPUS MANAGED HEALTH CARE, INC., and OLYMPUS HEALTHCARE SOLUTIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN HOUSECALL PHYSICIANS, INC. and JONATHAN MCGUIRE, <br><br> Defendants. | **PROTECTIVE ORDER** |
| And <br> AMERICAN HOUSECALL PHYSICIANS, INC. f/k/a INROOMMD, INC., <br><br> Third-Party Plaintiff, and Counterclaimant, <br><br> v. <br><br> RONALD A. DAVIS and STEVEN W. JACOBSON, <br><br> Third-Party Defendants. | |

WHEREAS, the parties to this action have filed claims among each other arising out of their past business dealings and are alleged to be competitors or potential competitors; and

WHEREAS, the parties and non-party witnesses have information which is or will be encompassed by discovery demands made by another in this case, that may constitute trade secrets or other confidential information related to customers, contractors, research, development, marketing, personal or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedures; and

WHEREAS, the parties have requested that discovery be conducted under a Protective Order.

Pursuant to Rule 26(c), Fed. R. Civ. P., the Court hereby enters the following Protective Order:

1. This Protective Order shall apply to all information, documents and things subject to discovery in this action which are conveyed by any party or non-party (hereinafter termed "conveying party") to another party (hereinafter termed "receiving party") in this action, including, without limitation, all portions of transcripts of deposition testimony, exhibits, answers to interrogatories or requests for admission, documents, or things, including any excerpt, index, description, copy, summary or abstract thereof (hereinafter "discovery materials"), which are believed to contain trade secrets or other confidential information related to customers, contractors, research, development, marketing, personal or commercial information of the conveying party (hereinafter "CONFIDENTIAL MATERIALS"), and/or which were received by a non-party under an obligation of confidentiality. It is expressly contemplated and agreed that non-party witnesses may invoke all provisions of this Protective Order that are available to a conveying party, and that the parties will treat all CONFIDENTIAL MATERIALS of non-party witnesses, which information is designated in writing as such, in accordance with the terms of this Protective Order. Notwithstanding the foregoing, documents that are public records or in the public domain shall not be considered to be CONFIDENTIAL MATERIALS.

2. All documents and things produced by the parties henceforth shall bear identifying numbers and/or markings. Said identifying numbers and/or markings need not be made with respect to documents and things until copies of said documents or things are

requested after inspection and selection by the receiving party's counsel. Each conveying party may designate documents and things produced by it and answers to interrogatories, testimony and responses to other discovery requests deemed as CONFIDENTIAL MATERIALS with the appropriate designation:

"CONFIDENTIAL"

Documents and things, answers to interrogatories, testimony and other materials that constitute sensitive competitive business information, including but not limited to customer lists, customer communications, contractor or network member lists, customer and contractor contracts or invoices and related communications, schedules of fees, company financial information and other similar information within the scope of Rule 26(c)(1)(G), Fed. R. Civ. P., may be further designated with the following designation:

"CONFIDENTIAL – ATTORNEY'S EYES ONLY

As used herein, the term "CONFIDENTIAL MATERIALS" is meant to include documents and things designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

3. Testimony taken at a deposition, conference, hearing or trial may, at the request of a party or the deponent (or corporate employer), be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to bind separately such portions of the transcript containing information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," and to label such portions appropriately. Efforts shall be made

to designate that information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" during the deposition or other proceeding whenever possible, but a party may designate portions of the transcript of depositions or other proceedings as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" after transcription. Upon receipt of each transcript, the entire transcript shall be deemed "CONFIDENTIAL – ATTORNEY'S EYES ONLY" for a period of fourteen (14) days, during which time a party may designate specific portions of the transcript as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." After the fourteen-day period, the entire transcript, except those portions designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" either during the deposition or other proceeding or during the fourteen-day period after receipt of the transcript, shall be deemed non-confidential.

4. A party issuing a subpoena requesting the production of documents for use in this lawsuit from a non-party shall, if the non-party requests that the documents be kept confidential, provide a copy of this Order to the non-party, so that the non-party will be aware of its rights hereunder. A non-party may adopt the terms of and protection available under this Order by producing its CONFIDENTIAL MATERIALS with the appropriate designation as explained in paragraphs 2-3 of this Order.

5. Making documents and things available for inspection shall not constitute a waiver by the conveying party of any claim of confidentiality, but delivery of documents and things to the receiving party without any identification as specified in paragraphs 2-3 shall constitute a waiver of any claim of confidentiality, except where such delivery results from inadvertence or mistake on the part of the conveying party. Upon notice that CONFIDENTIAL MATERIAL was inadvertently or mistakenly produced, and upon receipt of properly marked

documents, the receiving party shall return said unmarked documents and things and not retain copies, summaries or notes thereof and shall treat information contained in said documents and any summaries or notes thereof as CONFIDENTIAL MATERIALS.

6. Material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall be used only for the purpose of the prosecution, defense, or settlement of this action or the state action pending between the parties, and for no other purpose.

7.1 Information designated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall be made available only to and inspected only by (a) outside counsel of record (including stenographic, clerical and paralegal employees of same) and outside companies engaged by them such as independent copying services, temporary services, professional photographers, and/or photographic studios; (b) outside experts or consultants (in accordance with the provisions of paragraph 8 of this Order); (c) the Court and its personnel; and (d) Court Reporters used during the course of this litigation and their staff. Each such person other than counsel of record, the Court and its personnel, and Court Reporters and their staff must execute an undertaking of the form attached as Exhibit A before being given access to material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

7.2 Information designated as "CONFIDENTIAL" shall be made available only to and inspected only by those persons identified in Paragraph 7.1, the individual parties, to management level employees of the corporate parties as necessary to prosecute and/or defend this action and any necessary secretarial personnel of those management employees, provided

that each such person has first signed an Undertaking in the form of Exhibit A attached hereto. A copy of each signed Undertaking shall be provided to opposing counsel upon request, except as set forth in paragraph 8 below.

8. Outside experts or consultants of the parties, including their stenographic and clerical personnel, whose advice and consultation are being or will be used by the parties in connection with preparing for depositions or for trial of this action, including any motions in this action, may have access to CONFIDENTIAL MATERIALS provided that the disclosure of such CONFIDENTIAL MATERIALS to such outside experts or consultants shall be made only on condition that each such expert or consultant first sign an Undertaking in the form of Exhibit A attached hereto. Except as provided below for certain non-testifying expert consultants, prior to the disclosure of any CONFIDENTIAL MATERIALS to any such expert or consultant, a copy of each signed Undertaking and a resume describing the background of each such person shall be provided to opposing counsel, who shall have five (5) days from the date of receipt of such Undertaking and resume to object to the disclosure of CONFIDENTIAL MATERIALS to the expert or consultant who signed the Undertaking. No CONFIDENTIAL MATERIALS shall be disclosed to such experts or consultants without the written permission of opposing counsel during the five day period for objection, or pending the resolution of any objection raised regarding the disclosure of CONFIDENTIAL MATERIALS to such experts or consultants. For non-testifying experts who may later be designed as testifying experts and who are neither (a) parties, relatives of parties, relatives of the owners or shareholders of the corporate parties, (b) engaged in any business affairs or otherwise financially involved with any parties or the owners or shareholders of any parties, (c) an employee, agent, owner or shareholder of any competitor of any of the parties, nor (d) an employee, agent, owner or shareholder of any customer or

contractor of any of the parties, counsel shall not be required to provide to opposing counsel a copy of the Undertaking signed by the non-testifying expert until the conclusion of the action. The disclosure of the Undertaking executed by an expert shall not constitute a waiver of the attorney work product doctrine.

9. Copies of CONFIDENTIAL MATERIALS bearing the designation specified in paragraphs 2 or 3, and their contents, shall not be disclosed or made public by counsel or authorized personnel to whom they are disclosed, unless they become part of the public record of this action or any other court action other than through conduct in breach of this Protective Order, and shall not be disclosed to anyone other than this Court and other persons entitled to access to CONFIDENTIAL MATERIALS under this Protective Order. Unless otherwise agreed to by the parties, CONFIDENTIAL MATERIALS shall not be used by the receiving party for any purpose other than for use in this action. Nothing in this Protective Order shall prohibit the confidential disclosure of any CONFIDENTIAL MATERIALS to comply with an order of a United States or state court wherein the order specifically directs the disclosure of such CONFIDENTIAL MATERIALS. Prior to any such disclosure pursuant to a court order, the party required by the court order to disclose the CONFIDENTIAL MATERIALS will provide ten (10) days notice to the party who produced the CONFIDENTIAL MATERIALS, or as much notice as possible pursuant to the court order, and will identify and provide copies of the CONFIDENTIAL MATERIALS to the party that produced such materials. To the extent it is necessary to file CONFIDENTIAL MATERIALS with the Court in connection with proceedings in this action or the pending state action between the parties, they shall unless otherwise prohibited by applicable law be filed with the Clerk of Court under seal pursuant to the procedures set by this Court for filing documents and materials under seal.

10. Nothing in this Protective Order shall require disclosure of material which the conveying party contends is protected from disclosure by the attorney-client privilege or the attorney work product immunity, or of material the disclosure of which might constitute a breach of a written agreement prepared prior to the discovery request with a non-party. If, however, a party contends that it will not disclose documents because of an agreement with a non-party it must produce that agreement to counsel for the requesting party. The parties are expected, however, to act consistent with the Federal Rules of Civil Procedure. This Protective Order shall not preclude any party from moving the Court for an order directing the disclosure of such material.

11. CONFIDENTIAL MATERIALS may be used in motion papers, in testimony at trial, or at any motion hearing, and may be offered in evidence at trial or at any motion hearing, all specifically subject to paragraphs 7, 8, and 9 hereof and to any further order regarding confidentiality as this Court may enter, and may be used to prepare for discovery or to conduct discovery, including depositions and including the disclosure of a document to a witness at a deposition or at trial who is an author or copy recipient of such document containing CONFIDENTIAL MATERIALS, or who is an employee or representative of the party providing the CONFIDENTIAL MATERIALS but is not otherwise authorized to receive such disclosure under this agreement, to prepare for trial, and to support or oppose any motion, all subject to the provisions of this Protective Order.

12. The acceptance by a party of CONFIDENTIAL MATERIALS shall not constitute an admission or concession or permit an inference that such are, in fact, confidential. A party objecting to the designation of documents or material as "CONFIDENTIAL" or

"CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall provide ten (10) days written notice of the objection to the conveying party by facsimile and first class mail. The notice shall state with specificity the documents or materials objected to. If the dispute cannot be resolved, the party challenging the designation may seek appropriate relief from the Court. The party challenging such confidentiality designation shall have the burden of substantiating its challenge. The filing of such a motion will result in the documents or materials specified in the notice being maintained as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the provisions of this Protective Order pending determination of the matter by the Court or resolution of the matter by the parties.

13. This Protective Order shall not prevent any party or non-party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court. The Protective Order shall not preclude the parties from enforcing their rights against any other party or any non-party believed to be violating their rights.

14. Restrictions and obligations set forth herein relating to material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall not apply to any information which (i) is already public knowledge, (ii) becomes public knowledge other than as a result of disclosure by the conveying party, (iii) was already known to the receiving party under conditions such that its use and/or public disclosure by the receiving party would not violate some obligation to another, which knowledge is established by pre-production documentation, or (iv) has come or shall come into the receiving party's legitimate possession independently of the conveying party under conditions such that its use and/or public disclosure by the receiving party would not violate some obligation to another. The restrictions and

obligations set forth herein shall not prohibit discussions regarding any CONFIDENTIAL MATERIALS with any person who already has legitimate possession thereof.

15. Regardless of the provisions of paragraph 14, any document designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall be treated as such unless the confidentiality designation is removed in accordance with the other provisions of this Protective Order.

16. After a final determination of this action, each receiving party shall either (i) return all CONFIDENTIAL MATERIALS of the conveying party in its possession, custody or control, and all copies, portions, words, substances, summaries, abstracts or indices thereof (except to the extent that any of the foregoing includes or reflects receiving counsel's work product), to counsel for the conveying party, or (ii) certify under oath the destruction thereof, except that outside counsel for each party, and only said outside counsel, may, if they so elect, retain one copy of each deposition or trial transcript, one copy of each deposition or trial exhibit, one copy of each item containing CONFIDENTIAL MATERIALS filed with the Court pursuant to this Protective Order, and one archival set of produced documents which may be retained by outside counsel for a period of five (5) years from the date of termination of this action.

17. In the event that the parties desire to provide access to or disseminate CONFIDENTIAL MATERIALS to any person not otherwise entitled to access under this Protective Order, the parties may agree to allow such access or any party may move the Court for an Order that such person be given access thereto. In the event that an agreement is reached or the motion is granted, such person may have access to CONFIDENTIAL MATERIALS after first signing an Undertaking in the form of Exhibit A attached hereto, a copy of which shall be provided to opposing counsel upon request.

18. This Protective Order shall survive the final termination of this action with respect to any retained CONFIDENTIAL MATERIALS.

19. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on CONFIDENTIAL MATERIALS; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not specifically or generally disclose any item or information designated as CONFIDENTIAL MATERIALS to people other than those permitted to receive such information pursuant to paragraph 7 of this Order.

20. Nothing in this Protective Order shall require production of information that Plaintiff or Defendants contend is protected from disclosure by the attorney-client privilege or attorney work product immunity. If such information is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such information. If a party has inadvertently produced to the other party information subject to a claim of privilege or immunity, the other party, upon request, shall promptly return the information for which a claim of inadvertent production was made. The party returning such information may then move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.

21. Nothing in this Protective Order shall prevent a party that designates information as CONFIDENTIAL MATERIALS from subsequently agreeing to the disclosure of that party's CONFIDENTIAL MATERIALS by counsel for a receiving party under such terms and conditions as set and agreed to by the designating party.

**SO ORDERED**.                     Signed: September 2, 2010

David S. Cayer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

Civil Action Case No. 3:08-cv-00532

| | |
|---|---|
| OLYMPUS MANAGED HEALTH CARE, INC., and OLYMPUS HEALTHCARE SOLUTIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN HOUSECALL PHYSICIANS, INC. and JONATHAN MCGUIRE, <br><br> Defendants. <br><br> And <br> AMERICAN HOUSECALL PHYSICIANS, INC. f/k/a INROOMMD, | |

1

| | |
|---|---|
| INC., | |
| Third-Party Plaintiff, | |
| and Counterclaimant, | |
| v. | |
| RONALD A. DAVIS and STEVEN W. JACOBSON, | |
| Third-Party Defendants. | |

**UNDERTAKING OF (_____)**

I, _____, declare as follows:

My address is _____. My current employer is _____. My current occupation is _____.

I have received a copy of Protective Order in the above-captioned action. I have carefully read and understand the provisions of the Protective Order.

I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any CONFIDENTIAL MATERIALS that are disclosed to me.

2

4. Promptly upon termination of this action, I will return all CONFIDENTIAL MATERIALS that came into my possession, and all documents or things which I have prepared relating thereto, to counsel for the party with whom I am associated or by whom I am employed or retained.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

6. I understand that this Undertaking and the Protective Order are enforceable after the termination of this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____

_____
(Signature)

STATE OF _____,

COUNTY OF _____.

SWORN TO and subscribed before me,
this ____ day of _____, 2010.


(SEAL) _____
        Notary Public

My Commission Expires: _____