**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV532-RJC-DSC**

| | | |
|---|---|---|
| **OLYMPUS MANAGED** | ) | |
| **HEALTH CARE, INC. and** | ) | |
| **OLYMPUS HEALTHCARE** | ) | |
| **SOLUTIONS, INC.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **AMERICAN HOUSECALL** | ) | |
| **PHYSICIANS, INC., and** | ) | |
| **JONATHAN MCGUIRE,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **and** | ) | **MEMORANDUM AND ORDER** |
| —————————————— | ) | |
| | ) | |
| **AMERICAN HOUSECALL** | ) | |
| **PHYSICIANS, INC., f/k/a** | ) | |
| **INROOMMD, INC.,** | ) | |
| | ) | |
| **Third-Party Plaintiff, and** | ) | |
| **Counterclaimant** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **RONALD A. DAVIS and** | ) | |
| **STEVEN W. JACOBSON,** | ) | |
| | ) | |
| **Third-Party Defendants** | ) | |
| —————————————— | ) | |

**THIS MATTER** is before the Court on "Third-Party Defendants' ... Motion to Compel

Discovery Directed to Third-Party Plaintiff American Housecall Physicians, Inc." (document #54),

"American Housecall Physicians, Inc.'s Motion for Leave to File Surreply" (document #58), and

the parties' associated briefs and exhibits.  See documents ## 55, 57, 58-1, 59, and 59-1.[1]

These Motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1), and are now ripe for the Court's consideration.

Plaintiff Olympus Managed Health Care, Inc. ("OMHC") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Miami, Florida.  Olympus Healthcare Solutions, Inc. ("OHCS"), the parent company of OMHC, is a corporation organized under the laws of the State of Delaware, with its principal place of business in Miami, Florida. OMHC and OHCS (collectively "Olympus") are in the business of providing third party administrator services for insurance companies located outside of the United States related to the management of their insureds' medical claims in the United States.  Third-Party Defendant Ronald A. Davis is the Chief Financial Officer of OMHC and OHCS.  Third-Party Defendant Steven W. Jacobson is the President and Chief Executive Officer of OMHC and OHCS.  Davis and Jacobson are the sole shareholders of OMHC and OHCS and are the only members on the Board of Directors of OMHC and OHCS.

Defendant/Third-Party Plaintiff American Housecall Physicians, Inc. ("AHP") is a corporation organized under the laws of the State of Nevada with its principal place of business in Charlotte, North Carolina.  AHP is in the business of providing in-room and in-home medical services through doctor networks across the United States.

In its Complaint, Olympus seeks damages from Defendants for breach of contract and multiple state law tort claims.

---

[1] The Court has considered American Housecall Physicians, Inc.'s Surreply (document #58-1) and, accordingly, its "Motion for Leave to File Surreply" (document #58) will be granted.  The Court has also considered Third-Party Defendants' Sur-Surreply (document #59-1) which was attached to their "Response to ... American Housecall Physicians, Inc.'s Motion for Leave to File Surreply" (document #59).

Relevant to the subject Motion to Compel, this action stems in part from the Third-Party Defendants' alleged intentional misrepresentation to the Third-Party Plaintiff that their two companies would merge. AHP has filed third-party claims for breach of fiduciary duty, breach of contract, tortious interference with contract, violation of the North Carolina Trade Secrets Protection Act, unfair and deceptive trade practices, fraud, civil conspiracy, unjust enrichment, false designation of origin, quiet title to copyright and improper use of trademark.

On April 13, 2010, AHP served Olympus with its First Set of Interrogatories and First Request for Production of Documents. At no time prior to the filing of AHP's Motion to Compel, discussed below, did Olympus respond in any fashion to these discovery requests, despite the parties agreeing to one thirty-day extension of each party's deadline to respond to discovery. Thereafter AHP's counsel made numerous requests for the overdue responses.

On April 23 and May 6, 2010, Third Party Defendants served AHP with their respective First Set of Requests for the Production of Documents and First Set of Interrogatories.

On May 24, 2010, counsel agreed that AHP's responses to Third Party Defendants' discovery requests would be due after Olympus responded to AHP's requests.

On July 23, 2010, AHP filed a Motion to Compel (document #45) seeking an Order compelling Plaintiffs to provide the long overdue responses and to pay monetary sanctions.

On August 6, 2010, Olympus served it first responses to AHP's discovery requests. Each page of the responses was marked "For Attorneys' Eyes Only" pursuant to the Stipulated Protective Order entered in this case.

On August 10, 2010, the Court granted in part and denied in part AHP's Motion to Compel. See "Memorandum and Order" (document #49) (compelling production, but issuing a warning rather than awarding monetary sanctions).

On August 19, 2010, Olympus served supplemental discovery responses. Each page was again marked "For Attorneys' Eyes Only."

On August 24, 2010, AHP served its "Objections and Answers" to Third-Party Defendants' discovery request, marking each page as "Confidential-Attorney's Eyes Only" pursuant to the same Protective Order.

AHP and Third-Party Defendants hotly contest whether AHP has made full production within the limits of Olympus' "For Attorneys' Eyes Only" designation.[2] Third-Party Defendants contend that AHP's production continues to be incomplete.

On November 4, 2010, Third-Party Defendants Defendant filed the subject Motion to Compel, seeking an order compelling AHP to provide complete responses and to pay monetary sanctions.

AHP represents that it has made repeated efforts to have Olympus lift the "Attorneys' Eyes Only" designation, but that Olympus has removed the designation from only some of its responses. AHP further maintains that it has made supplemental responses concerning information and documents which Olympus has released. AHP contends that it has now made full responses to Third-Party Defendants' discovery requests, but until the "Attorneys' Eyes Only" designation is lifted from the remaining pertinent portions of Olympus' production, it is unable to serve additional responses.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim

---

[2]The Court notes that in their briefs, counsel have made unnecessary characterizations of opposing parties and counsel. For example, in their Reply brief, Third-Party Defendants characterize one of AHP's arguments as "particularly rich," while in its Surreply, AHP implies that Third-Party Defendants have engaged in "gamesmanship." Document #57 at 5; Document #58-1 at 3.

or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, or oppress the opposing party. See Fed. R. Civ. P. 26(c).

Whether to grant or deny a motion to compel discovery is generally left within the District Court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving discovery issues); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

Having carefully reviewed the parties' submissions and arguments, and applying the above legal principles to the record in this case, the Court concludes that at this point in the proceedings, AHP has responded properly to Third-Party Defendants' discovery requests. Accordingly, their Motion to Compel is denied.

Although the Court will refrain from imposing costs or other sanctions at this time, the parties and their counsel are warned that any failure to respond to opposing parties' reasonable discovery requests, or to otherwise comply fully with any of the Court's Orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions. **Sanctions can include parties and/or their counsel being required to pay costs, including reasonable attorneys' fees,**

**and may also include dismissal and/or entry of judgment.**

  **NOW THEREFORE, IT IS ORDERED**:

  1. Third-Party Plaintiff American Housecall Physicians, Inc.'s "Motion for Leave to File Surreply" (document #58) is **GRANTED**.

  2. Third-Party Defendants' "Motion to Compel Discovery Directed to Third-Party Plaintiff American Housecall Physicians, Inc." (document #54) is **DENIED**.

  3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

  **SO ORDERED**.

      Signed: December 10, 2010

      David S. Cayer
      United States Magistrate Judge