IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV532-RJC-DSC

| | |
|---|---|
| OLYMPUS MANAGED HEALTH CARE, INC. and OLYMPUS HEALTHCARE SOLUTIONS, INC., | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| AMERICAN HOUSECALL PHYSICIANS, INC., and JONATHAN MCGUIRE, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |
| and | ) **MEMORANDUM AND ORDER** |
| AMERICAN HOUSECALL PHYSICIANS, INC., f/k/a INROOMMD, INC., | )<br>)<br>)<br>) |
| Third-Party Plaintiff, and Counterclaimant | )<br>)<br>) |
| v. | )<br>) |
| RONALD A. DAVIS and STEVEN W. JACOBSON, | )<br>)<br>) |
| Third-Party Defendants | )<br>) |

**THIS MATTER** is before the Court on Third-Party Defendants' "Motion to Compel ..."

(document #76) filed April 8, 2011, and the parties' associated briefs and exhibits. See documents

## 82, 83 and 86.[1]  This Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for the Court's consideration.

A detailed discussion of the factual background and procedural history in this matter is contained in the Court's "Memorandum and Order" (document #60) (denying Third-Party Defendants' "Motion to Compel (document #54)); "Memorandum and Order" (document #49) (granting in part and denying in part Defendant American Housecall Physicians, Inc.'s "Motion to Compel" (document #45)); and "Memorandum and Recommendation" (document #36) (recommending Third-Party Defendants' 'Motion to Dismiss" (document #22) be granted in part and denied in part).

The present discovery dispute concerns whether Defendant/Third-Party Plaintiff American Housecall Physicians, Inc. ("AHP") must respond to the two Interrogatories contained in Third-Party Defendants' First Set of Joint Interrogatories.

The Pretrial Order and Case Management Plan ("PTO") limits each party to propounding "no more than 20 interrogatories, including sub-parts." Document #43.  The record reflects that Third-Party Defendants initially served 18 Interrogatories and that the two additional Interrogatories contained in their First Set of Joint Interrogatories are the remaining Interrogatories they are allowed pursuant to the PTO..

AHP contends that because the first Joint Interrogatory directs it to explain the basis of any denial of the four Requests For Admissions also propounded by Third-Party Defendants, that the Interrogatory actually contains four sub-parts.  According to AHP's reasoning, the  Third-Party Defendants have propounded twenty-three Interrogatories in violation of the PTO.

---

[1]Counsel's inclusion of excerpts from argumentative emails is unnecessary and does not aid the Court in its resolution of this matter.

The Court has carefully reviewed the parties' submissions and concludes that for the reasons stated in Third-Party Defendants' briefs, the first Joint Interrogatory does not contain sub-parts. The Joint Interrogatories are single inquiries, and could be construed as containing "sub-parts," if at all, only upon AHP's denial of one or all of the Requests for Admissions. To require the proponent to recalculate its discovery requests based on the opposing party's responses to Requests for Admissions would conflict with the clear language of the PTO.

**NOW THEREFORE, IT IS ORDERED**:

1. Third-Party Defendants' "Motion to Compel ..." (document #76) is **GRANTED**.

2. Defendant/Third-Party Plaintiff American Housecall Physicians, Inc. ("AHP") is **ORDERED** to serve complete responses to Third-Party Defendants' First Set of Joint Interrogatories within fifteen (15) days of this Memorandum and Order.

3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: May 10, 2011

David S. Cayer
United States Magistrate Judge